W. A. ALCORN ET AL. *v.* THE STATE, USE, ETC.

1. CHANCERY CLERK.   *Official bond.   Extent of liability.*
   The sureties on a chancery clerk's official bond are not liable for money received by him from the sale of assets of a decedent's estate, which he made as special commissioner appointed by the court to complete the sale.

2. ESTATES OF DECEDENTS.   *Special commissioner to sell land.*
   A special commissioner to sell a decedent's land cannot be appointed under the Act of April 1, 1872, amending Code 1871, § 1159 (Acts 1872, p. 27), unless the decedent's estate is insolvent.

ERROR to the Circuit Court of Tallahatchie County.

Hon. SAM. POWEL, Judge.

*Fitz Gerald & Marshall*, for the plaintiffs in error.

The clerk, under the facts of this case, could not be appointed special commissioner to complete the sale, and while he may be individually liable for meddling with the decedent's estate, his sureties cannot be held, for it was no part of his official duty to administer on the estate.  This case is anomalous.  No administrator existed when the clerk was ordered to perform the duties of one, and he did so without giving any bond.  The case is governed by the probate practice, not by that of the equity side of the court.

*Bailey & Bailey*, for the defendant in error.

The Chancery Court has power to appoint the clerk master or commissioner in cases of this kind.  *Goff* v. *Robins*, 33 Miss. 153.  And, if the appointment is proper, the sureties on his official bond are responsible for his acts.  They are liable for money which he receives in executing a decree which names him commissioner to carry it into effect.  It was essential that a commissioner should be appointed to execute the decree, and the jurisdiction of the court continued for that purpose.

GEORGE, C. J., delivered the opinion of the court.

G. A. Nicholetts was elected chancery clerk of Tallahatchie County for the term of four years from the first Monday in January, A.D., 1872, and the plaintiffs in error were the sureties on his official bond. This action was brought on the relation and for the use of " Robert Reddick as special commissioner in chancery, in the matter of the estate of James K. Orr " against said Nicholetts and the sureties on his official bond as·chancery clerk, to recover the sum of two hundred and fifty-eight dollars, which it is alleged that Nicholetts, as special commissioner in the matter of the same estate, and the predecessor of the relator, had received and collected by virtue of his said office of commissioner. The defendant filed a special plea, averring in substance that the executrix of said Orr had obtained an order or decree in 1873, directing her to sell the real and personal estate of her testator for distribution and the payment of debts, and that, having executed said decree in part, she married again and her husband had failed to give bond for her as required by law. She was in July, 1873, removed from her office as executrix, and by the same decree said Nicholetts was appointed special commissioner and directed to complete the sale and distribute the proceeds among the creditors and heirs ; and further, that after the said removal of said executrix no administrator *de bonis non cum testamento annexo* had ever been appointed. The plaintiff's demurrer to this plea was sustained, and, the defendants declining to plead further, judgment was rendered against them for the amount sued for ; from this judgment the sureties sued out this writ of error.

At the date of these proceedings, the only statute in force, which authorized the appointment of a special commissioner to make a sale of realty of a decedent's estate in course of administration to pay debts, was the " Act to Amend and Extend the Provisions of Section 1159 of the Revised Code of 1871," approved April 1, 1872. (Acts 1872, ch. 19, p. 27.) The statute provides only for the appointment of a special commissioner to make a sale of the realty of a decedent when the executor or administrator shall fail to give bond and security for the application of the proceeds, and when the estate is insolvent ;

and then it requires such special commissioner to give bond for such application before making said sale.

We think the plea set up a good defence, because, — First. It appears that this was not an insolvent estate.   Second. The statute requires the special commissioner to give a special bond, to account for the proceeds of the sale before he makes it, and does not contemplate or authorize the imposition of this duty to sell and distribute the proceeds on the clerk of the court as such ; and the clerk's official bond covers only such acts and duties as he is by law, or may be by order of the court, required to perform as clerk.

*Judgment reversed and cause remanded.*